MATTHEWS, Plaintiff in Error, v. WILSON *et al.*, Defendants in Error.

1. Where a principal seeks to recover specific sums of money alleged to have been received by his agent in the course of his employment, and misappropriated by him, it is not error to refuse to order an account, prayed for by the plaintiff, to be taken.

*Error to St. Louis Land Court.*

The object of this action is to charge the separate estate of Cornelia Wilson, wife of John D. Wilson, with the payment of certain specific sums of money alleged to have been fraudulently taken and applied by the said John D. Wilson in payment of debts due by the wife in respect of her separate property.   The plaintiff prayed that said estate might be made subject to the repayment of said moneys by a sale under the order of the court; that " all necessary and proper accounts may be taken under the order of the court."

The cause was tried by the court without a jury.   The court found the facts as follows : 1. On or about the first of June, 1851, an arrangement was made between Matthews, the plaintiff, and John D. Wilson, the defendant, whereby Wilson was to manage and conduct a mercantile establishment at St. Louis, in the name of Matthews.   Wilson did

conduct the establishment, apparently without any control on the part of Matthews, by buying goods and selling goods, receiving and paying money, depositing and checking out funds, all in the name of Matthews. But whether Wilson so acted in the premises as the mere agent of Matthews, as claimed in the petition, or as a partner of Matthews, as claimed in the answer of J. D. Wilson, the court does not determine, because the contract of agency, in the terms stated in the petition, is not proved; and the contract of partnership, in the terms stated in the answer of Wilson, is not proved. 2. Matthews did not personally transact or manage the business of the concern, and was absent from St. Louis a considerable portion of the time, in which Wilson carried on the business. But he had access to the books, and the means to know the state of the accounts of the concern; and at the expiration of the first year of the business, that is, on or about the 31st of May, 1852, Matthews and Wilson together settled the accounts of the business down to that time, and by that settlement and the balance then struck by the parties it appeared that Wilson was indebted to the concern $1,584.46. This balance against Wilson was carried to his account on the books, with the knowledge of Matthews. The business continued to be conducted in the same manner until the 24th of January, 1853, or about that time, when Matthews refused to continue the business longer, and by mutual consent the connection was dissolved, and the accounts of the business settled by the parties. On that settlement it appeared that a loss had been incurred in the business, and that Wilson stood indebted to the concern in the sum of $2,873.22. 3. All the capital of the concern belonged to Matthews. Wilson was insolvent before the beginning of the business and still continues so. 4. Cornelia V. Wilson, wife of defendant, John D., had the separate real estate vested in her trustee, Charles Gibson, as stated in the petition; and her husband, John D. Wilson, often acted as her agent in collecting and paying out money on account of said estate. But it does not appear that he was her general agent for the property, with power

to manage and control it. 5. While John D. Wilson was conducting the said mercantile business in connection with Matthews, and during the first year thereof, he made considerable payments on account of the purchase and improvements of said separate estate of his wife out of the funds under his control, in the name of Matthews; all of which sums were entered on the books of the concern, and were items of the account settled and balanced by the parties on the 31st of May, 1852. 6. After the 31st of May, 1852, the said John D. Wilson appropriated other considerable sums of money out of the funds under his control in the name of Matthews in payment of the purchase money and the improvement of his wife's separate estate; and during the same time he received, on account of his wife's separate estate, considerable sums of money, and deposited the same in the name of said Matthews, and to the credit of the bank account of the said concern; and the money so deposited exceeded in amount the money so paid out. 7. The said John D. Wilson, in withdrawing the money from the concern and paying it out on account of his wife's separate estate, was not guilty of fraud, as charged in the petition. 8. The defendant Cornelia is not proved to have had any knowledge or notice of any unfair practice (if any such there were) on the part of her husband against the plaintiff Matthews. In view of the record of the case and upon the facts found as above, the court is of opinion that the plaintiff has no right to charge upon the separate estate of the said Cornelia the moneys claimed by him in his petition; and therefore his petition ought to be dismissed."

*Field*, for plaintiff in error.

*S. T. Glover*, for defendants in error.

SCOTT, Judge, delivered the opinion of the court.

The error in the proceedings in this cause of which the plaintiff complains is that the court below did not direct an account between him and the defendant Wilson. The peti-

11—VOL. XXVII.

tion does not allege that there was a partnership between the plaintiffs and the defendant Wilson. Wilson, as the agent or superintendent of a mercantile house for the plaintiff in St. Louis, is charged with the misappropriation of specific sums of money received in the course of his employment, and the aggregate of these misapplications is stated, with a prayer that the property of Wilson's wife, to the improvement of which the money illegally taken from the plaintiff had been appropriated, may be sold to satisfy the indebtedness thus incurred. The specific sum for which relief is sought is set forth in the petition. Although an account is asked for, yet from the tenor of the statement of the cause of action it is obvious that the account sought was only ancillary to the main design of the suit, which was the recovery of the amount of the specific sums misapplied by Wilson. It is not alleged that Wilson withdrew any other sums than those specifically stated, and no account was prayed with respect to any other money. As the charge of misappropriation of money entrusted to him is met and denied by Wilson, and as the court below found the issues for him, we do not conceive that any useful purpose could have been subserved by directing an account, as, the issues being found for the defendants, it clearly appeared from the pleadings in the cause that there was no other ground of complaint against them. The petition as framed did not require a general account; it only sought the payment of specific sums of money which it was alleged had been misapplied by Wilson. If Wilson had been a partner of the plaintiff, such is the structure of the petition that no general account between them would have been necessary for the determination of the matters stated as the cause of the action.

Judge Napton concurring, the judgment is affirmed. Judge Richardson not sitting, having been of counsel.